FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 31, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMES H., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 4:18-CV-05074-JTR <br><br> ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF Nos. 12, 15.[1] Attorney Nicholas David Jordan represents James H. (Plaintiff); Special Assistant United States Attorney Summer Stinson represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS, in part,** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary

---

[1]The Court reviewed Plaintiff's Reply brief. ECF No. 16. While the heading of the brief matches this case's number and the names of the parties, the body of the brief concerns an individual and impairments other than those dealt with in this case. Therefore, it was not considered in rendering this decision.

ORDER GRANTING PLAINTIFF'S MOTION - 1

Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. §§ 405(g), 1383(c).

## JURISDICTION

Plaintiff filed applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB) on March 24, 2014, Tr. 75-76, alleging disability since June 29, 2012, Tr. 200, 207, due to posttraumatic arthritis, left carpal tunnel syndrome, and proximal row carpectomy, Tr. 242. The applications were denied initially and upon reconsideration. Tr. 147-67. Administrative Law Judge (ALJ) Eric S. Basse held a hearing on January 4, 2017 and heard testimony from Plaintiff and vocational expert Kimberly S. Mullinax. Tr. 34-74. The ALJ issued an unfavorable decision on March 1, 2017. Tr. 15-26. The Appeals Council denied review on March 7, 2018. Tr. 1-5. The ALJ's March 1, 2017 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. §§ 405(g), 1383(c). Plaintiff filed this action for judicial review on April 26, 2018. ECF Nos. 1, 4.

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties. They are only briefly summarized here.

Plaintiff was 43 years old at the alleged onset date. Tr. 200. He completed his GED in 1989. Tr. 243. His reported work history includes the jobs of mechanic, welder, sawyer/builder, maintenance, housekeeping, janitor and assistant manager. *Id.* When applying for benefits Plaintiff reported that he stopped working on June 29, 2012 because of his conditions. Tr. 242.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The Court reviews the ALJ's determinations of law de novo,

deferring to a reasonable interpretation of the statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097. If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-99. This burden is met once the claimant establishes that physical or mental impairments prevent him from engaging in his previous occupations. 20 C.F.R. §§ 404.1520(a), 416.920(a)(4). If the claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work, and (2) the claimant can perform specific jobs which exist in the national economy. *Batson v. Comm'r of Soc. Sec.*

*Admin.*, 359 F.3d 1190, 1193-94 (9th Cir. 2004). If the claimant cannot make an adjustment to other work in the national economy, he is found "disabled". 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On March 1, 2017, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act from June 29, 2012 through the date of the decision.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since June 29, 2012, the alleged date of onset. Tr. 17.

At step two, the ALJ determined that Plaintiff had the following severe impairments: status-post left upper extremity fracture with degenerative joint disease; asthma; obesity; left carpal tunnel syndrome; and more recent right carpal tunnel syndrome status-post release. Tr. 18.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 18.

At step four, the ALJ assessed Plaintiff's residual function capacity and determined he had no limitations in sitting, standing, or walking, but did have the following limitations:

> He is ambidextrous and has no limitations with his right upper extremity; but with his left upper extremity, the claimant can lift and carry up to 10 pounds. The claimant can occasionally climb ramps and stairs, stoop, and crawl. He can frequently crouch. The claimant has no difficulty with balancing or kneeling. The claimant cannot climb ladders, ropes, or scaffolds. The claimant is limited to frequently handling and fingering with his bilateral upper extremities. The claimant can occasionally feel with his left upper extremity. He should avoid concentrated exposure to extreme cold and extreme heat. The claimant should avoid even moderate exposure to vibrations or vibrating tools. The claimant cannot have concentrated exposure to pulmonary irritants or hazards, such as dangerous machinery and

unprotected heights.

Tr. 19. The ALJ identified Plaintiff's past relevant work as diesel mechanic and found that he could not perform this past relevant work. Tr. 24-25.

At step five, the ALJ determined that, considering Plaintiff's age, education, work experience and residual functional capacity, and based on the testimony of the vocational expert, there were other jobs that exist in significant numbers in the national economy Plaintiff could perform, including the jobs of parking lot attendant, escort vehicle driver, telephone information clerk, storage facility rental clerk, and furniture rental clerk. Tr. 26-27. The ALJ concluded Plaintiff was not under a disability within the meaning of the Social Security Act from June 29, 2012, through the date of the ALJ's decision. Tr. 26.

**ISSUES**

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff contends the ALJ erred by (1) failing to properly weigh the medical opinions in the record, (2) failing to properly weigh Plaintiff's symptom statements, and (3) failing to make a proper step five determination.

**DISCUSSION[2]**

**1. Medical Opinions**

Plaintiff argues that the ALJ failed to properly consider and weigh the

---

[2]In *Lucia v. S.E.C.*, 138 S.Ct. 2044 (2018), the Supreme Court recently held that ALJs of the Securities and Exchange Commission are "Officers of the United States" and thus subject to the Appointments Clause. To the extent *Lucia* applies to Social Security ALJs, the parties have forfeited the issue by failing to raise it in their briefing. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (the Court will not consider matters on appeal that were not specifically addressed in an appellant's opening brief).

medical opinions expressed by James R. Kopp, M.D., Jean You, M.D., Daniel Brzusek, D.O., and Eric Person, PA-C. ECF No. 12 at 11-13. Additionally, Plaintiff argues that the ALJ erred by failing to identify any medical opinion which he gave significant weight. *Id*. at 13.

In weighing medical source opinions, the ALJ should distinguish between three different types of physicians: (1) treating physicians, who actually treat the claimant; (2) examining physicians, who examine but do not treat the claimant; and, (3) nonexamining physicians who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). The ALJ should give more weight to the opinion of a treating physician than to the opinion of an examining physician and more weight to the opinion of an examining physician than to the opinion of a nonexamining physician. *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). When a treating or examining physician's opinion is not contradicted by another physician, the ALJ may reject the opinion only for "clear and convincing" reasons, and when a treating or examining physician's opinion is contradicted by another physician, the ALJ is only required to provide "specific and legitimate reasons" to reject the opinion. *Lester*, 81 F.3d at 830-31.

The opinions of the four providers range from 2001 through 2016. On August 31, 2011, Mr. Pearson placed Plaintiff on off work status until he was cleared by a specialist. Tr. 466.

On December 13, 2013, Dr. Kopp evaluated Plaintiff. Tr. 427-38. He answered questions from the Department of Labor and Industries on April 25, 2014 and opined that Plaintiff had a 15% impairment in the right upper extremity and a 16% impairment of the left upper extremity. Tr. 439-40.

On April 22, 2015, Dr. You stated Plaintiff was not released to work from April 22, 2015 to May 22, 2015, stating that Plaintiff's progress was slower than expected. Tr. 569.

On June 17, 2015, Dr. You was presented with the detailed functional

requirements of Plaintiff's job as a diesel mechanic and agreed that Plaintiff could return to this past work. Tr. 591-96. She also reviewed the detailed functional requirements of the occupations of janitor, rental clerk, lube tech, and welder/fabricator, and she opined that Plaintiff could perform these jobs. Tr. 597-620.

On February 24, 2016, Dr. You signed a declaration that at the time of her June 17, 2015 opinion that Plaintiff could meet the functional requirements of a janitor, a rental clerk, a lube tech, and a welder/fabricator, she had not been provided a copy of Plaintiff's preexisting medical records including evidence from the prior left wrist injury. Tr. 738. She concurred with the May 22, 2014 physical capacity evaluation from Kirk Holle, P.T. and opined that Plaintiff was permanently incapable of reasonably continuous, gainful employment as a welder/fabricator, janitor, cashier, rental clerk, or lube tech. *Id*. The May 22, 2014 physical capacity evaluation from Therapist Holle limited Plaintiff to sitting, standing, and walking each for two hours at one time and a total of eight hours throughout a day, occasionally lifting 24 pounds from floor to waist and 16 pounds from weight to overhead, frequently lifting 15 pounds from floor to waist and ten pounds from waist to overhead, occasionally carrying 20 pounds and frequently carrying 12 pounds, occasionally pushing/pulling with 32 pounds of force, frequently pushing/pulling with 20 pounds of force, frequently squatting, kneeling, bending/stooping, crouching, climbing stairs, static reaching overhead without weight, and operating foot controls, occasionally to frequently climbing ladders and performing final manipulation, and occasionally operating hand controls. Tr. 470.

On June 16, 2016, Dr. You stated that Plaintiff may perform modified duty if available on a permanent basis. Tr. 1068. She also completed a form addressing Plaintiff's ability to perform work as a cashier, but the form is cutoff, and Dr. You's opinion is unclear. Tr. 1069.

ORDER GRANTING PLAINTIFF'S MOTION - 7

On July 11, 2016, Dr. Brzusek completed an independent medical examination. Tr. 1021-40. Following a review of the medical evidence and an examination, Dr. Brzusek stated that "[d]ue to limitations of use of his left upper extremity, [Plaintiff] cannot perform many jobs that require bilateral hand and wrist movement during a typical eight-hour work day." Tr. 1036. He then answered a series of questions specific to Plaintiff's worker's compensation claim, including that he had an impairment rating of 30% for the left upper extremity, he was unable to perform the job of diesel mechanic/welder, lube tech, and welder fabricator, it was unlikely Plaintiff could perform the job of janitor, and he could only perform the job of rental clerk with significant accommodations. Tr. 1037-39.

On October 4, 2016, Dr. Brzusek reviewed a September 20, 2016 physical capacity evaluation from Therapist Holle and stated that he concurred with his findings. Tr. 1063. Therapist Holle opined that Plaintiff could sit, stand, and walk each for two hours at a time for a total of eight hours in a day. Tr. 1058. He precluded Plaintiff for any left wrist flexion/extensions, limited Plaintiff to seldom climbing ladders, crawling, and left handling/grasping, limited Plaintiff to occasional left work above the shoulder, left keyboarding, and left fine manipulation, and limited Plaintiff to frequent bilateral reaching forward, bilateral reaching waist to shoulder, right work above the shoulders, right keyboarding, right flexion/extension of the wrist, right handling/grasping, and right fine manipulation. *Id.* He further limited Plaintiff's lifting, carrying, pushing, and pulling from between seven and fifty pounds depending on the location of the object and the specified activity. *Id.*

The ALJ found that the opinions of Dr. Kopp, Dr. You, Dr. Brzusek, and Mr. Pearson were rendered as part of Plaintiff's worker's compensation case and gave them "little probative value," and found that their conclusions were "not entirely relevant with regard to the claimant's application under the Social Security Act." Tr. 23. Plaintiff argues that rejecting an opinion because it was rendered as

part of a worker's compensation claim is flawed reasoning. ECF No. 12 at 12-13. Defendant argues that Ninth Circuit case law supports the ALJ's rejection of the opinions because they addressed matters reserved for the Commissioner. ECF No. 15 at 9.

The final determination of whether an individual is disabled is reserved to the Commissioner. 20 C.F.R. §§ 404.1527(d)(1)-(2), 416.927(d)(1)-(2); *see also* 20 C.F.R. §§ 404.1527(d)(3), 416.927(d)(3) ("We will not give any special significance to the source of an opinion on issues reserved to the Commissioner described in paragraphs (d)(1) and (d)(2)."). The Commissioner is not bound by other agencies' evaluations of disability. *See* 20 C.F.R. §§ 404.1504, 416.904 (a determination made by another agency that a claimant is disabled is not binding on Social Security). However, agency "rules provide that adjudicators must always carefully consider medical source opinions about any issue, including opinions about issues that are reserved to the Commissioner." S.S.R. 96-5p. This S.S.R. was rescinded by Federal Register Notice Vol. 82, No. 57, page 15263 effective March 27, 2017. However, on March 27, 2017, 20 C.F.R. §§ 404.1504, 416.904 was amended to include "we will consider all the supporting evidence underlying the other governmental agency or nongovernmental entity's decision that we receive as evidence in your claim in accordance with" 20 C.F.R. §§ 404.1513(a)(1) through (4), 416.913(a)(1) through (4).

While the S.S.R. was rescinded and the Regulations were changed after the ALJ's March 1, 2017 decision, the intent of the agency has not changed. The ALJ is not required to adopt the determination of another agency regarding disability, but he cannot overlook the medical opinions or medical evidence that underlies these disability determinations. 20 C.F.R. §§ 404.1527(c), 416.927(c) (the regulations require every medical opinion to be evaluated, regardless of its source). Furthermore, the purpose for which medical reports are prepared does not provide a legitimate basis for rejecting them. *Lester*, 81 F.3d at 832. Therefore, the ALJ

erred to the extent that he rejected medical evidence or medical opinions simply because they were made as part of a worker's compensation determination. However, the ALJ did not err in rejecting the ultimate determinations of disability.

Here, the ALJ failed to provide a legally sufficient reason for rejecting the underlying opinions regarding functional capacity. This was an error. Therefore, the case is remanded for the ALJ to make a new determination addressing the underlying opinions of the medical providers, not just their worker's compensation ratings.

**2.     Plaintiff's Symptom Statements**

Plaintiff contests the ALJ's determination that Plaintiff's symptom statements were unreliable. ECF No. 12 at 7-11.

The evaluation of a claimant's symptom statements and their resulting limitations relies, in part, on the assessment of the medical evidence. *See* 20 C.F.R. §§ 404.1529(c), 416.929(c); S.S.R. 16-3p. Therefore, in light of the case being remanded for the ALJ to readdress the medical source opinions from four providers over the course of five years, a new assessment of Plaintiff's subjective symptom statements will be necessary.

**3.     Step 5**

Plaintiff argues that the ALJ presented an incomplete hypothetical to the vocational expert as a result of failing to properly weigh the medical opinions and Plaintiff's symptom statements. ECF No. 12 at 13-15. Because the Court is remanding the case for the ALJ to properly address the medical opinions in the file and to readdress Plaintiff's symptom statements, the ALJ will also make a new residual functional capacity determination, which will require a new step four and a new step five determination.

## CONCLUSION

Accordingly, **IT IS ORDERED**:

1.     Defendant's Motion for Summary Judgment, **ECF No. 15**, is

**DENIED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 12**, is **GRANTED, in part,** and the matter is **REMANDED** for additional proceedings consistent with this Order.

3. Application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. **Judgment shall be entered for Plaintiff** and the file shall be **CLOSED**.

DATED May 31, 2019.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE